**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**CASE NO. 26-cv-02923-WFJ-NHA**

SECURITIES AND EXCHANGE
COMMISSION,

Plaintiff,

v.

KRISTOPHER A. LUNSFORD,
AKL TRANSPORT LLC, and
SOUTHERN TRUCK LEASING LLC,

Defendants.
____________________________________________/

**PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S UNOPPOSED MOTION FOR ENTRY OF CONSENT JUDGMENTS**

Plaintiff Securities and Exchange Commission (the "Commission") moves unopposed for entry of the attached proposed judgments ("Proposed Judgments") against Kristopher A. Lunsford ("Lunsford") and his companies AKL Transport LLC ("AKL Transport") and Southern Truck Leasing LLC ("Southern Truck Leasing") (collectively, "Defendants"). Defendants, through the consents they each executed ("Consents"), have agreed to entry of their respective Proposed Judgments which resolve the liability portion of the Commission's claims in this matter, but leave for the Court's adjudication the amounts of disgorgement, prejudgment interest thereon, and a civil penalty. The Proposed Judgments

comply with Federal Rule of Civil Procedure 65(d), as well as Eleventh Circuit precedent, including *SEC v. Goble*, 982 F.3d 934 (11th Cir. 2012). In support thereof, the Commission states the following.

## I. Relevant Background

### A. The Commission's Instant Enforcement Action

On September 24, 2026, the Commission filed its Complaint alleging that Defendants violated Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)], and Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 [17 C.F.R. § 240.10b-5] thereunder. [ECF No. 1]. The Commission charged Lunsford and the companies he controlled, AKL Transport and Southern Truck Leasing, for raising at least $127 million from approximately 765 investors nationwide, including many in the Tampa, Florida area, through an alleged fraudulent truck-leasing investment contract scheme.

According to the Complaint, Defendants and their sales agents, from at least May 2023 through May 2025, represented to investors that they would use their funds to purchase commercial semi-trucks at a discount and operate all aspects of the commercial trucking business, such as finding drivers, sourcing cargo loads for transport, and insuring and maintaining the trucks. Defendants also allegedly represented that they owned and operated approximately 2,000 trucks. In

exchange for their investment, Defendants promised investors a net weekly return of $1,250 per truck assigned to them for a five-year investment term—or about 260% annually—and they led investors to believe that the returns came from transport fees charged to carriers for transporting their loads. In reality, as the Complaint alleges, new investor money rather than business revenue fueled investors' returns wherein Defendants diverted approximately $52 million—about 40% of investor deposits—to pay earlier investors in Ponzi fashion. Moreover, Lunsford allegedly misappropriated approximately $33 million—about 25% of investor funds—for personal use. The Complaint further alleges that Defendants' claim of operating approximately 2,000 trucks was false.

Without admitting the allegations in the Complaint (except as to personal and subject matter jurisdiction, and, with respect to Lunsford, for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523), Defendants have consented to the entry of the Proposed Judgments.

## II. Discussion

### A. The Parties Have Reached a Settlement

The parties have reached a settlement in which Defendants have each executed Consents. *See* Lunsford's Consent, attached as **Exhibit 1**; AKL Transport's Consent, attached as **Exhibit 2**; Southern Truck Leasing's Consent, attached as **Exhibit 3**. The Consents contemplate the entry of the Proposed

Judgments. *See* Proposed Judgment as to Lunsford, attached as **Exhibit 4**; Proposed Judgment as to AKL Transport, attached as **Exhibit 5**; Proposed Judgment as to Southern Truck Leasing, attached as **Exhibit 6**.

The Proposed Judgments:

1. permanently restrain and enjoin Defendants from violating Section 17(a) of the Securities Act;
2. permanently restrain and enjoin Defendants from violating Section 10(b) of the Exchange Act and Rule 10b-5 thereunder;
3. permanently restrain and enjoin Lunsford from directly or indirectly, including, but not limited to, through any entity owned or controlled by Lunsford, participating in the issuance, purchase, offer, or sale of any security, provided, however, that such injunction shall not prevent Lunsford from purchasing or selling securities listed on a national securities exchange for his own personal account.

Furthermore, among other things, the Consents show that Defendants (i) waive service of a summons and the Complaint, enter a general appearance, and admit the Court's jurisdiction over them and this action, Exh. 1 ¶ 1, Exh. 2 ¶ 1, Exh. 3 ¶ 1; (ii) without admitting the allegations of the Complaint except as provided in the Consents, agree to entry of their respective Proposed Judgments, Exh. 1 ¶ 2, Exh. 2 ¶ 2, Exh. 3 ¶ 2; (iii) acknowledge that a civil penalty paid pursuant to the

final judgment may be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002, Ex. 1 ¶ 3; (iv) waive entry of findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52, Exh. 1 ¶ 6; Exh. 2 ¶ 6; Exh. 3 ¶ 6; (v) waive the right to a jury trial and to appeal from the entry of the Final Judgment, Exh. 1 ¶ 7; Exh. 2 ¶ 7, Exh. 3 ¶ 7; and (vi) agree that the Commission may present the Proposed Judgments to the Court for signature and entry without further notice, Exh. 1 ¶ 15; Exh. 2 ¶ 14, Exh. 3 ¶ 14.

**B. Memorandum of Law**

Public policy favors settling cases without litigation, and settlement agreements should be upheld whenever equitable. *Murchison v. Grand Cypress Hotel Corp.*, 13 F.3d 1483, 1486 (11th Cir. 1994); *Devoux v. Wise*, No. 3:12-CV-540-J-34JBT, 2014 WL 1457520, at *5 (M.D. Fla. Apr. 15, 2014) ("In Florida, settlement agreements are favored as an efficient way to settle disputes and as a means to conserve judicial resources."). Enforcement of a settlement agreement is appropriate where no substantial dispute exists, as in this case, regarding the entry into and terms of an agreement. Courts routinely approve consent judgments where the terms are fair and reasonable. *See, e.g., United States v. Armour & Co.*, 402 U.S. 673, 681 (1971); *Swift & Co. v. United States*, 276 U.S. 311, 324-27 (1928); *SEC. v. Citigroup Glob. Markets, Inc.*, 752 F.3d 285, 293-95 (2d Cir. 2014).

Here, the terms of the parties' settlement as to liability and the Proposed Judgments were negotiated by Defendants' experienced counsel and approved by the Commission. The settlement reasonably reflects relief that the Commission might obtain under the applicable law if successful on the merits, taking into account the litigation risks likely to be presented, the benefits of avoiding those risks, and the willingness of Defendants to consent to the Proposed Judgments. *See Bennett v. Behring Corp.*, 737 F.2d 982, 985-86 (11th Cir. 1984). As such, the settlements and Proposed Judgments are fair and reasonable.

**C. Permanent Injunctive Relief**

Further, the Proposed Judgments comply with Federal Rule of Civil Procedure 65(d), which provides that "[e]very order granting an injunction . . . must: (A) state the reasons why it issued; (B) state its terms specifically; and (C) describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required." Fed. R. Civ. P. 65(d). "This specificity requirement is necessary to protect those who are enjoined by informing them of what they are called upon to do or to refrain from doing in order to comply with the injunction or restraining order." *Burton v. City of Belle Glade*, 178 F.3d 1175, 1200 (11th Cir. 1999) (quoting *Hughey v. JMS Dev. Corp.*, 78 F.3d 1523, 1531 (11th Cir. 1996) (internal quotations omitted)).

The Proposed Judgments conform with Eleventh Circuit law, which requires that judgments for injunctive relief describe in reasonable detail the acts or conduct sought to be restrained. *Goble*, 982 F.3d at 951-52. To avoid injunctions being "obey the law" injunctions, for broadly constructed statutes and rules, such as Securities Act Section 17(a) and Exchange Act Section 10(b), courts have entered injunctions consistent with *Goble* that incorporate the actual language of the relevant statute or rule and that also specifically describe the acts required of the person enjoined.

Here, for the injunctions sought under the Securities Act and Exchange Act, the Commission seeks a permanent injunction in each of the Proposed Judgments that uses the language of the relevant portion of the statutes, and critically also, pursuant to *Goble*, specifically describes the enjoined conduct. With respect to the injunctions sought under Section 17(a) of the Securities Act and Section 10(b) of the Exchange Act, the Commission includes the following descriptive language:

> **[*language that tracks the statute*] . . .** by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about: (A) any investment in or offering of securities; (B) the prospects for success of any product or company; (C) the risks involved in investing in a securities offering; (D) the use of investor funds; and (E) the misappropriation of investor funds or investment proceeds.

*See* Exh. 4, at 2-4; Exh. 5, at 2-4 ; Exh. 6, at 2-4.

Thus, in addition to tracking the requisite statutory language, the injunctive language includes specific prohibitions which are directly tied to the allegations in the Complaint and properly put Defendants on notice of the conduct prohibited.

**D. Conduct-based Injunction**

Lunsford has consented to the imposition of a conduct-based injunction which enjoins him from directly or indirectly, through any entity owned or controlled by him, participating in the issuance, purchase, offer, or sale of any security, provided, however, that such injunction shall not prevent him from purchasing or selling securities for his own personal account, pursuant to Section 21(d)(5) of the Exchange Act [15 U.S.C. § 78u(d)(5)]. *See* Exh. 1 ¶ 2(b).

Under Section 21(d)(5), "the Commission may seek, and any Federal court may grant, any equitable relief that may be appropriate or necessary for the benefit of investors." 15 U.S.C. § 78u(d)(5). Here, a conduct-based injunction is appropriate and necessary as it enjoins Lunsford from engaging in the very same conduct he is alleged to have committed in this case—issuing investment contracts and raising investor money. Federal courts have directly recognized the Commission's ability to pursue, and a court's inherent authority to grant, such equitable relief and prohibit otherwise lawful activity for the benefit of investors. *See SEC v. Abarbanel*, No. 21-cv-5429, 2025 WL 1903792, at *1, *3 (S.D.N.Y. July 11,

2025) (denying a motion to strike from the Commission's complaint a request for a similarly worded conduct-based injunction under Section 21(d)(5)).

## III. Conclusion

For the foregoing reasons, the Commission respectfully requests that the Court grant this Motion, enter the Proposed Judgments submitted as Exhibits 4 (Lunsford), 5 (AKL Transport) and 6 (Southern Truck Leasing), and grant any other relief that may be just and proper.

## LOCAL RULE 3.01(g) CERTIFICATE

In addition to the Consents providing that the Commission may present its Proposed Judgments to the Court for approval and entry without further notice, the undersigned conferred with counsel for Defendants who does not oppose the entry of the requested relief.

Dated: October 6, 2026

Respectfully submitted,

*/s/ Michael C. Mikulic*
Michael C. Mikulic, Esq.
Trial Counsel
Florida Bar No. 125073
Direct Dial: (305) 982-6353
Email: mikulicm@sec.gov

**ATTORNEY FOR PLAINTIFF SECURITIES AND EXCHANGE COMMISSION**
801 Brickell Avenue, Suite 1950
Miami, FL 33131
Telephone: (305) 982-6300

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing Unopposed Motion for Entry of Consent Judgments was served this 6th day of October 2026, on counsel for Defendants, Lynsey Barron Esq., via email at lynsey@barronward.com.

*/s/ Michael Mikulic*
Michael Mikulic